UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT-BOSSIER DIVISION

| | | |
|---|---|---|
| CHARAN G. REDDY, individually, and <br> CHARAN MEDICAL INTERNATIONAL <br> INC., a Louisiana corporation, | * <br> * <br> * | CIVIL ACTION NO. 5:09CV0833 |
| Plaintiffs, | * <br> * <br> * | JUDGE TOM STAGG |
| VERSUS | * <br> * | |
| BIOTRONIK, INC., <br> an Oregon corporation | * <br> * <br> * | MAGISTRATE JUDGE <br> MARK L. HORNSBY |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS OR STAY and MOTION TO COMPEL ARBITRATION**

The instant memorandum is submitted on behalf of defendant Biotronik, Inc. ("Biotronik") in support of its Motion to Dismiss or Stay and Motion to Compel Arbitration filed contemporaneously herewith.

**I.**

**INTRODUCTION**

Defendant Biotronik engages in the distribution and sale of cardiac rhythm management ("CRM") devices, such as pacemakers and defibrillators. Biotronik has long-standing business relationships with its customers that are developed and maintained on behalf of Biotronik by, among others, its independent sales representatives.

On or about August 1, 2005, Plaintiffs Charan G. Reddy and Charan Medical International,

Inc. (collectively, "Reddy") entered into an Independent Representative Agreement (the "Representative Agreement") with Biotronik. Complaint, 2. A true and correct copy of the Representative Agreement is attached hereto as Exhibit "A."

Paragraph 43[b] of the Representative Agreement is a clear and straightforward arbitration provision, which provides as follows:

> At Biotronik's sole discretion, any controversy, claim or dispute arising from this Agreement may be settled in and resolved by arbitration in accordance with the rules of the American Arbitration Association then in effect in the City of Portland, Oregon, by three arbitrators appointed according to those rules. Any award granted under such arbitration shall be final and conclusive upon the parties to this Agreement and judgment upon such award may be entered in any court having jurisdiction thereof, and no appeal shall lie thereafter.

(Exhibit A, p. 19).

In accordance with the terms of the Representative Agreement, on July 6, 2009, Biotronik filed a Demand for Arbitration and Statement of Claim (the "Arbitration Claim") with the American Arbitration Association (the "AAA") against Reddy. A true and correct copy of the Arbitration Claim is attached hereto as Exhibit "B." The matter has been designated as AAA Case No. 75 122 00252 09.

Despite unambiguous language in the Representative Agreement, Reddy refuses to arbitrate this dispute and instead commenced the lawsuit in this matter. It is for this reason that Biotronik moves to dismiss or stay this action and to compel Reddy to participate in the pending arbitration in Oregon, as Plaintiffs agreed.

## II.

## LAW and ARGUMENT

This Court should dismiss or stay this case and compel arbitration pursuant to the parties' agreed arbitration clause.

This Court has the authority to dismiss or stay this case and compel arbitration pursuant to the parties' agreed arbitration clause. Section 2 of the Federal Arbitration Act (the "FAA") states that written agreements to settle a controversy by arbitration are enforceable. 9 U.S.C. §2 Moreover, Section 3 of the FAA requires district courts to grant a stay "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement". 9 U.S.C. § 3. In keeping with this well-established authority, "(t)he Fifth Circuit has repeatedly emphasized the strong federal policy in favor of arbitration." *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*, quoting *Moses H. Cohn Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Moreover, "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration. Thus, the court may not deny a stay in such a situation." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

In this Circuit, "(c)ourts perform a two step inquiry to determine whether parties should be compelled to arbitrate a dispute. First, the court must determine whether the parties agreed to arbitration the dispute. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). Once the court finds that the parties agree to arbitrate, it must consider whether any federal statute or

policy renders the claims non-arbitrable. *Id.* State law principles governing the formation of contracts generally apply."

The first step of the analysis described in *Primerica* that is before this Court is "whether the parties agreed to arbitrate the dispute." *Id.* Absent such an agreement, arbitration cannot be compelled. See *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) (holding that "[u]nless the court finds that a party agreed to submit his claims to arbitration, he cannot compel a party to do so"). In this case, the arbitration provision of the Representative Agreement broadly states that "[a]t Biotronik's sole discretion, any controversy, claim or dispute arising from this [Representative] Agreement may be settled and resolved by arbitration." *See* Ex. A at 19.

Here, Reddy seeks damages arising from the alleged improper termination of the Representative Agreement. Complaint, 11. Biotronik maintains in the Arbitration Claim it has elected to file that the Representative Agreement was properly terminated according to its terms. *See* Exhibit B. Because a dispute has arisen over the termination of the Representative Agreement, this matter is properly the subject of arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) (staying action in favor of arbitration); *SR International Business Insurance Company, Ltd. v. Energy Future Holdings Corp.*, 539 F. Supp. 2d 871, 875 (N.D. Tex. 2008) (dismissing action in favor of arbitration.)

The second element of the test of enforcing an arbitration agreement requires a determination of "whether legal constraints external to the parties' agreement foreclose arbitration of these claims." *Safer, supra*, 424 F.3d at 294. In other words, "(a)rbitration should not be denied 'unless it can be

said with positive assurance that the arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Id.*

Under the FAA, a written agreement to arbitrate is "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any agreement." 9 U.S.C. § 2. Thus, "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, recoverability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n. 9 (1987). However, the FAA preempts state law to the extent it treats arbitration agreements in a different manner than other contracts. *Id.*

Because the arbitration provision at issue in this case is contained in the written Representative Agreement, it is valid and enforceable unless there are grounds "at law or in equity" that would support revocation of any contract. 9 U.S.C. § 2. Under Oregon law, which governs the Representative Agreement (Ex. A at 18), a contract is valid when there is an offer, acceptance, and consideration. *See, e.g., Feenaughty v. Beall*, 91 Or. 654, 661 (1919).

In this case, Biotronik made an offer when it presented the Representative Agreement to Reddy. Plaintiffs accepted the offer when they signed the Representative Agreement. Biotronik's employment of Reddy forms the consideration for the Representative Agreement. Thus, the Representative Agreement is valid and enforceable under Oregon law. Indeed, Reddy seeks damages in this case arising from its alleged improper termination.

Because Biotronik has met all of the requirements for the arbitration provision of the Representative Agreement to be enforced, this Court should, pursuant to the FAA, dismiss or stay this case and compel Reddy to arbitrate this dispute in the pending arbitration proceeding in Oregon.

### III.

### CONCLUSION

For the foregoing reasons, this Court should dismiss or stay this case and compel Reddy to arbitrate this dispute, as Plaintiffs agreed.

Respectfully submitted,

*[signature]*

**Andrew L. Kramer, T.A. (LA Bar No. 23817)**
**Susan J. Burkenstock (LA Bar No. 01446)**
**ELKINS, P.L.C.**
201 St. Charles Avenue, Suite 4400
New Orleans, Louisiana 70170
Telephone: (504) 529-3600
Telecopier: (504) 529-7163

**Counsel for Defendant**

### CERTIFICATE OF SERVICE

On this 9th day of July, 2009, the undersigned hereby certifies that the foregoing Memorandum in Support of Motion to Dismiss or Stay and Motion to Compel Arbitration has been served via electronic transmission upon:

Walter F. Clawson, Esq.
400 Travis Street, Suite 908
Shreveport, LA 71101-3116

*[signature]*